Filed 6/26/23  P. v. Campos CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY EZEQUIAL CAMPOS,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B325042, B325045, B325057<br>(Super. Ct. Nos. 2021026955, 2022001697, 2019033436)<br>(Ventura County) |

Henry Ezequial Campos[1] appeals from the judgment after his guilty pleas in three cases.

In case 2019033436 (B325057), Campos stabbed the victim with a screwdriver when he refused Campos entrance to the victim's residence to charge a cell phone.  Campos pleaded guilty

---

[1] Defendant's name is spelled Henry Eziquiel Campos in some parts of the record.

to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[2] admitted he was ineligible for probation because he was on parole for a serious or violent felony (§ 1203.085, subd. (a)), and admitted a five-year sentence enhancement for a prior serious felony conviction (§ 667, subd. (a)(1)).

In case 2021026955 (B325042), Campos took a customer's vehicle from an auto body shop and drove it on the freeway and into a ditch.  In a separate incident, he took a pickup truck a city maintenance worker had parked at a work site.  Campos pleaded guilty to two counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and admitted he committed the crimes while on bail for earlier cases (§ 12022.1, subd. (b)).

In case 2022001697 (B325045), police contacted Campos and found a fixed blade knife approximately eight inches long in his pocket.  He pleaded guilty to carrying a concealed dirk or dagger (§ 21310) and admitted on-bail allegations (§ 12022.1, subd. (b)).

In each case, Campos admitted he suffered a prior strike (§§ 667, subds. (c)(1) & (e)(1), 1170.12, subds. (a)(1) & (c)(1)) and admitted an executed sentence must be served in prison (§ 1170, subd. (h)(3)).  Additional counts were dismissed in each case with the agreement they could be considered at sentencing.  (*People v. Harvey* (1979) 25 Cal.3d 754, 758; § 1192.3, subd. (b) [restitution for dismissed counts pursuant to *Harvey* waiver].)

The trial court sentenced Campos to state prison for the mid-term of three years for the assault, doubled to six years based on the prior strike.  The court imposed consecutive

---

[2] All statutory references are to the Penal Code unless otherwise stated.

sentences of 16 months each for the dirk/dagger conviction and two convictions of vehicle taking/driving (one-third the mid-term of two years, doubled for the strike). The total prison sentence was 10 years. The court struck the on-bail enhancements and the five-year serious felony prior.

In each case, the trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and stayed a $300 parole revocation restitution fine (§ 1202.45). The court ordered Campos to pay $553.47 in restitution to Levernia McCree, the victim of a vandalism count dismissed in case 2019033436. The court also ordered Campos to pay $1,800 in restitution to Luis Angel Banos Torres, the victim of an attempted grand theft dismissed in case 2021026955.

The appeal is based on the sentence and does not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b)(2)(B).)

We appointed counsel to represent Campos in this appeal. After counsel examined the record, he filed an opening brief that raises no arguable issues. On May 2, 2023, we advised Campos by mail that he had 30 days to submit any contentions or issues he wished us to consider. We have not received a response.

We have reviewed the entire record and found as to case 2019033436 the amended abstract of judgment incorrectly omits the mandatory $300 restitution fine (§ 1202.4, subd. (b)), the mandatory $300 parole revocation restitution fine (§ 1202.45), and the restitution order to Levernia McCree. These clerical errors must be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We are otherwise satisfied that Campos's attorney has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441-443.)

## DISPOSITION

The clerk of the superior court shall prepare an amended

3

abstract of judgment to include for case 2019033436 the restitution fine, stayed parole restitution fine, and restitution order to Levernia McCree, and forward copies to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P.J.

CODY, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.